```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ANNA L. MCCLOY, Individually and
as Executrix of the Estate of
Terry Allen McCloy, and
TERRY ALLEN MCCLOY, JR.**

      **Plaintiffs,**

v.   //   CIVIL ACTION NO. 1:12CV166
                         (Judge Keeley)

**ERIC JOSHUA LAREW, LOWELL LAREW,
LOWELL LAREW, doing business as
BB&T Auto Crushers, LOWELL LAREW,
doing business as L&L Rebuilders,
LOWELL LAREW, doing business as
Larew Used Cars, BB&T SALVAGE AND
TRUCKING, LLC, NATIONAL CASUALTY
COMPANY, SCOTTSDALE INSURANCE COMPANY,
BLOSS & DILLARD, INC., GEICO INDEMNITY
COMPANY, and JOHN DOE(S),**

      **Defendants.**

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32] AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY

Following removal by the defendants, National Casualty Corporation ("NCC") and Scottsdale Insurance Company ("Scottsdale") (dkt. no. 32), the plaintiffs, Anna L. McCoy, acting both in her individual capacity and also as Executrix of the estate of her deceased husband, Terry Allen McCloy, and Terry Allen McCloy, Jr.,(collectively "the McCloys" or "the plaintiffs"), filed a motion to remand this case to the Circuit Court of Taylor County,

**ANNA L. MCCLOY, ET AL. v. LAREW, ET AL.          1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32]
AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

West Virginia. That motion is now fully briefed and ripe for review. For the following reasons, the Court **GRANTS** the McCloys' motion (dkt. no. 32), and **REMANDS** this case to the Circuit Court of Taylor County, West Virginia.

**I.**

On September 17, 2010, Terry Allen McCloy and his son, Terry Jr., were riding their motorcycles on U.S. Route 50 near Pruntytown, West Virginia, when a dump truck driven by Eric Larew ("E. Larew") swerved into the McCloys' lane, striking the senior McCloy and causing injuries from which he ultimately died. (Dkt. No. 1 at ¶¶ 22-29). E. Larew did not own the dump truck, which was registered to Larew Used Cars and titled to L&L Rebuilders, sole proprietorships operated by his father, Lowell Larew ("L. Larew") (id. at ¶ 30). L. Larew also owned and operated BB&T Auto Crushers and BB&T Salvage, other sole proprietorships. (Id. at ¶¶ 5, 9).

On September 14, 2012, the McCloys filed an eight-count complaint in the Circuit Court of Taylor County, West Virginia against the Larews, L. Larew's various sole proprietorships, and the insurers of those businesses. The McCloys alleged (1) Negligence, (2) Negligence and/or Gross Negligence in Use of Defective Equipment, (3) Presumptive Negligence for Statutory

2

**ANNA L. MCCLOY, ET AL.   v. LAREW, ET AL.                    1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32]
AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

Violation, and (4) Negligent Infliction of Emotional Distress against the Larews. In Count Five of their complaint, the McCloys sought a declaration of coverage under the Commercial Auto Policy ("CTO policy") and its attendant MCS-90 endorsement ("MCS-90") issued by NCC to BB&T Auto Crushers. (Dkt. no. 22 at ¶¶ 69 - 74). In the remaining counts of their complaint, the McCloys sought a declaration of coverage under E. Larew's personal auto policy, and damages stemming from the alleged failure of defendants NCC, Scottsdale, and Bloss & Dillard, Inc. ("B&D"), all insurers of L. Larew's various sole proprietorships, to adequately insure those businesses.

Defendants NCC and Scottsdale timely removed the case to this Court pursuant to 28 U.S.C. §§ 1441(c) and 1331. They relied on the allegations in Count Five of the Complaint regarding the MCS-90 endorsement to BB&T Auto Crusher's CTO policy to establish federal question jurisdiction. Count Five alleges:

> **COUNT V – DECLARATORY JUDGMENT
> (National Casualty Company)**
>
> 70.  The defendant Lowell Larew d/b/a BB&T Auto Crushers was insured through National Casualty Company for commercial auto (business auto or truckers) coverage under Policy No. CTO0128573 (hereafter "CTO policy").
>
> 71.  The defendant Lowell Larew d/b/a Larew Used Cars & L&L Rebuilders was insured through National Casualty

**ANNA L. MCCLOY, ET AL. v. LAREW, ET AL.**                      **1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32] AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

> Company for commercial garage operations as a used car dealer, among other operations, under Policy No. CGO0035585 (hereafter "CGO policy")[.]
>
> 72. The Plaintiffs tendered a claim to National Casualty Company for coverage relating to this accident under the specific terms of both policies of insurance as well as the MCS-90 endorsement to the CTO policy.
>
> 73. National Casualty Company has admitted coverage under the CGO policy and has offered to tender the policy limits of said policy unto the Plaintiffs.
>
> 74. National Casualty Company, although admitting coverage under the CGO policy, has denied coverage under the CTO policy. Accordingly, the Plaintiffs respectfully request, pursuant to the Uniform Declaratory Judgments Act, W. Va. Code §55-13-1, et. seq., that the Court determine the rights and liabilities between the various parties and find coverage for the Plaintiffs under the CTO policy relating to their injuries and damages plead herein.

(Dkt. No. 1 at ¶ 72). While the MCS-90 is not mentioned elsewhere in the complaint, key phrases which would trigger coverage under it, including "for hire" and "interstate commerce", appear throughout.

The MCS-90, the putative basis of federal question jurisdiction in this matter, is a creation of the Motor Carrier Act of 1980 ("the MCA"). The MCA requires all motor carriers operating in interstate commerce to carry liability insurance, <u>Canal Ins. Co. v. Distribution Servs., Inc.</u>, 320 F.3d 488, 489 (4th Cir. 2003), which in turn must include the MCS-90. <u>Forkwar v. Progressive</u>

4

ANNA L. MCCLOY, ET AL.  v. LAREW, ET AL.                    1:12CV166

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32]
AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY

Northern Ins. Co., Inc., - F.Supp.2d -, 2012 WL 6562768, at *8 (D.MD. Dec. 14, 2012) (citing 49 C.F.R. §§ 387.7, 387.9, 387.15). "The MCS-90 endorsement comes into play . . . only where . . . the underlying insurance policy to which the endorsement is attached does not otherwise provide liability coverage . . . ." Carolina Cas. Ins. Co. v. Yeates, 584 F.3d 868, 881 (10th Cir. 2009). In other words, "[e]ven if the insured [motor carrier] is not entitled to coverage due to an exception or exclusion, an injured member of the public may recover under the [MCS-90] endorsement, and the insurer may then seek reimbursement from the insured." Lancer Ins. Co. v. VIP Limousine Serv., Ltd., No. 3:11cv11, 2013 WL 937735, at *1 n.1 (N.D.W. Va. March 11, 2013). The MCS-90 at issue in this matter is no different. (See Dkt. No. 40-7 at 28). Thus, should the McCloys secure a judgment against Lowell Larew d/b/a BB&T Auto Crushers that falls outside the scope of the coverage of the CTO policy, but within the coverage of the MCS-90 endorsement, NCC must still satisfy that judgment.

In their motion to remand, the McCloys argue that, under Grable Sons Metal Products v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), and Empire Healthchoice Assurance v. McVeigh, 547 U.S. 677 (2006), the MCS-90 does not present a substantial

**ANNA L. MCCLOY, ET AL.   v.  LAREW, ET AL.                              1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32]
AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

federal question that would transform their state law claim for a declaration of insurance coverage into one "arising under" the laws and Constitution of the United States, and, moreover, that the MCS-90 is an alternative avenue of relief to be pursued only if there is no coverage under the CTO policy.[1] In response, NCC and Scottsdale contend that the McCloys cannot recover under the CTO policy based upon its plain language, rendering recovery under the MCS-90 the only source of relief available in Count Five. They contend that Count Five therefore presents a substantial federal question, i.e. the interpretation of disputed terms of the MCS-90. After carefully considering the parties' arguments, the Court concludes that Count Five does not present a substantial federal question.

---

[1] The McCloys moved to remand on the same day the Court conducted a scheduling conference and motion hearing in this matter. (Dkt. No. 33). Because the McCloys' motion addressed this Court's subject matter jurisdiction, the Court suspended all deadlines previously set in this case and scheduled new briefing deadlines to address the McCloys' motion, as well as NCC's Motion to Sever and Remand (dkt. no. 16), Scottsdale's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dkt. no. 12), and B&D's Motion to Dismiss (dkt. no. 6). (See Dkt. No. 34).

**ANNA L. MCCLOY, ET AL.   v.  LAREW, ET AL.                    1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32]
AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

**II.**

**A.**

"Typically, an action initiated in a state court can be removed to federal court only if it might have been brought in federal court originally." Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 370 (4th Cir. 2003). Thus, on removal, a federal court is generally limited to exercising jurisdiction over those cases that arise under the Constitution or laws of the United States, 28 U.S.C. § 1331, or in which the parties are completely diverse and the statutory amount in controversy is satisfied. 28 U.S.C. § 1332. Courts construe removal statutes narrowly, Schlumberger Indus., Inc. v. Nat'l Sur. Corp., 36 F.3d 1274, 1284 (4th Cir. 1994), and the party seeking removal bears the burden of showing that the district court indeed has original jurisdiction. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). When in doubt about the "propriety of removal," a court should "resolve all doubts . . . in favor of retained state court jurisdiction." Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999). Here, the parties are not completely diverse, leaving federal question, or "arising under" jurisdiction, as the removing defendants' only jurisdictional option.

**ANNA L. MCCLOY, ET AL. v. LAREW, ET AL.            1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32]
AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

"Congress has given the lower federal courts jurisdiction to hear 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 219 (4th Cir. 2001) (quoting Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 27 (1983)). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 391 (1987). In effect, the "well-pleaded complaint" rule allows the plaintiff to be the "master of the claim" and "avoid federal jurisdiction by exclusive reliance on state law." Id. at 392; see, e.g., Great North R. co. v. Alexander, 246 U.S. 276, 282 (1918) ('(T)he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case").

Nevertheless, in a "small class of cases," a federal court may exercise original jurisdiction over a well-pleaded state law claim "even though the cause of action is not created by federal law, [because] the case's resolution depends on resolution of a federal

**ANNA L. MCCLOY, ET AL. v. LAREW, ET AL.                 1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32]
AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C.A. § 1331.'" Morgan Cty. War Mem. Hosp. ex. rel. v. Baker, 314 Fed. App'x. 529, 533 (4th Cir. 2008) (quoting Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 806 (4th Cir. 1996)). Thus, this Court may exercise subject matter jurisdiction over a state law claim such as that raised in Count Five of the McCloys' complaint only if the claim presents a substantial federal question – in other words, if the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314. The burden of establishing federal question jurisdiction under the three-prong Grable analysis is upon the party seeking removal. See Mulcahey, 29 F.3d at 151.

**B.**

The Court first must determine whether Count Five "necessarily raise[s] a stated federal issue." Grable, 545 U.S. at 314. In Grable, the question of the required notice prior to the seizure of property by the IRS for unpaid taxes was found to be necessary to the plaintiff's state law, quiet-title action because

> whether Grable was given notice within the meaning of the federal status is thus an essential element of its quiet

9

**ANNA L. MCCLOY, ET AL. v. LAREW, ET AL.  1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32]
AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

>    title claim, and the federal statute is actually in
>    dispute; it appears to be the only legal or factual issue
>    contested in this case.

Id. at 314-35. Conversely, in Empire Healthchoice, the federally-regulated insurer's claim for reimbursement did not necessarily raise a federal issue where "the reimbursement claim was triggered . . . by the settlement of a personal-injury action in state court," and the claim was "fact-bound and specific." 547 U.S. at 700.

On its face, Count Five seeks a declaratory judgment pursuant to the Uniform Declaratory Judgments Act, W. Va. Code §§ 55-13-1, et. seq., as to coverage under the CTO policy issued to BB&T Auto Crushers. It does not explicitly seek a declaration of coverage under the MCS-90. In fact, the MCS-90 is mentioned only once in Count Five, in paragraph 72, in which the McCloys describe a demand they made to NCC "for coverage relating to this accident under the specific terms of both policies of insurance [the CTO and another policy issued by NCC to another Larew-owned business] **as well as** the MCS-90 endorsement to the CTO policy." (Dkt. No. 1 at ¶ 72) (emphasis added). The MCS-90 is not invoked explicitly in the remainder of Count Five, nor indeed, elsewhere in the complaint. In sum, based on the face of the McCloys' complaint, the MCS-990 is no

10

more than a "federal element," Empire Healthchoice, 547 U.S. at 701, which, in and of itself, does not open the "'arising under' door." Grable, 545 U.S. at 313.

**C.**

Nevertheless, NCC argues that Count Five "necessarily raise[s] a stated federal issue," Grable, 545 U.S. at 314, because "the MCS-90 endorsement . . . is the sole basis by which Plaintiffs can recover under [the CTO policy]." (Dkt. No. 40 at 1-2). That argument cannot carry the day at this stage in the proceedings, however, for it depends upon this Court's ultimate determination as to the merits of Count Five, i.e., declaring that there is no coverage available under the CTO policy, and that the MCS-90 thereby has been triggered. See Carolina Cas. Ins. Co., 585 F.3d at 881. As the Fourth Circuit has explained, "a jurisdictional inquiry is not the appropriate stage of litigation to resolve [] various uncertain questions of law and fact." Hartley v. CSX Trans., Inc., 187 F.3d 422, 425 (4th Cir. 1999); see also Robinson v. The Government of Malaysia, 269 F.3d 133, 141 (2d Cir. 2001) ("A district court does not, of course, decide a case on the merits in order to decide if it has jurisdiction."); Browning v. Geupel Const. Co., 891 F.Supp. 275, 277 (S.D.W. Va. 1995) ("A claim of

**ANNA L. MCCLOY, ET AL. v. LAREW, ET AL.                    1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32]
AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

federal question jurisdiction is to be resolved on the basis of the allegations in the [c]omplaint." (citing Burgess v. Charlottesville Savings & Loan Ass'n, 477 F.2d 40, 43 (4th Cir. 1973)).

That NCC even argues the MCS-90 is not triggered unless coverage is found lacking under the CTO policy strongly suggests Count Five does not necessarily raise a federal issue. Claims positing alternate theories of relief - one of which supports federal subject matter jurisdiction[2] and one which does not - do not establish federal subject matter jurisdiction. Mulcahey, 29 F.3d at 153 (citing Christianson v. Colf Indus. Operating Corp., 486 U.S. 800, 811 (1998)); Whittington et al v. Morgan Stanley et al, No. 1:12CV112, 2012 WL 4846484, at *4 (W.D.N.C. Oct. 11, 2012) (same).

As discussed earlier, the McCloys cannot recover under the MCS-90 unless coverage is lacking under the CTO policy. Therefore, the McCloys clearly will first seek recovery under the CTO policy, turning to the MCS-90 only as an alternative means of relief. In short, recovery under the CTO policy and the MCS-90 is mutually exclusive. Thus, coverage under the MCS-90 is but one theory of

---

[2] Assuming, arguendo, that the MCS-90 presents a necessary, substantial federal question.

**ANNA L. MCCLOY, ET AL. v. LAREW, ET AL.                1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32] AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

relief pleaded by the McCloys in Count Five, and its mere presence is insufficient to raise a necessary federal question.[3]

**D.**

Moreover, despite NCC's argument to the contrary, Insurance Corp. of New York v. Monroe Bus Corp., 491 F.Supp.2d 430 (S.D.N.Y. 2007) ("Monroe Bus"), does not resolve the jurisdictional questions presented here. In Monroe Bus, an insurer sought reimbursement from its insured, a commercial bus company, pursuant to the terms of the MCS-90 endorsement appended to the insured's commercial auto policy. Id. at 433. In its sua sponte consideration of the question of subject matter jurisdiction, the district court focused on the contractual rights the insurer sought to vindicate and concluded that because the MCS-90, the contract upon which the insurer's suit relied, was created by federal law, and federal law prescribed its very contents, "the reimbursement claim in question is based on

---

[3] In a similar vein, B&D's response to the McCloys' motion to remand argues that the McCloys' reference to a violation of an unnamed federal statute in Count VII and VIII establishes federal question jurisdiction. This argument also fails because those claims allege a violation of an unnamed state law, as well. Thus, Count VII and VIII present alternate theories of relief, on predicated on violation of a state law, and the other predicated on violation of a federal law, that cannot support federal question jurisdiction. See Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 817 (4th Cir. 2004) ("In other words, if the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331.").

**ANNA L. MCCLOY, ET AL.   v. LAREW, ET AL.**                         **1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32]
AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

federally-created rights," and the court therefore could exercise subject matter jurisdiction over the complaint. Id. at 435-37 (citing Empire, 547 U.S. at 686; Merrell, 478 U.S. at 805-06; Jackson Trans. Auth. v. Local Div. 1285, Amalgamated Trans. Union, AFL-CIO-CLC, 457 U.S. 15, 16 (1982)).

In contrast, in Carlson v. American International Group, the plaintiff sought to satisfy a wrongful death judgment from the proceeds of a delivery service's two commercial insurance policies. No. 11-CV-874-A, 2012 WL 1202193, at *2 (W.D.N.Y. April 10, 2012). Although the complaint did not mention an MCS-90 endorsement, the plaintiff referenced the endorsement during oral argument, thus prompting the defendants to remove the case. Id.; see 28 U.S.C. § 1446(b).

In considering the matter on a motion to remand for lack of subject matter jurisdiction, the district court specifically distinguished the holding in Monroe Bus, as follows:

> The scenario presented here is that the plaintiff alleges a state-law breach of contract claim that DHL's insurance covers MVP and Mr. Porter, who are liable to the plaintiff for the accident, and that the federally-required MCS-90 endorsement in DHL's insurance may provide the federal mandatory-minimum recovery. Unlike the claim for reimbursement of money already paid pursuant to the MCS-90B endorsement asserted in Monroe Bus Corp., supra, this is a predominately state law claim. By inviting the Court's reliance upon Monroe Bus

14

**ANNA L. MCCLOY, ET AL.   v. LAREW, ET AL.                    1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32]
AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

> Corp. to find federal question jurisdiction, see Doc 32-1, p. 13, the defendants overlook that it takes more [even] than a federal element to open the 'arising under-door' pursuant to 28 U.S.C. § 1331.

Carlson, 2012 WL 1202193 at *5 (quotations omitted). The court further observed that, unlike the plaintiff in Monroe Bus, "[t]he plaintiff [here] may well be able to obtain all the relief which he seeks without invoking the MCS-90 endorsement in the . . . policy" because "there is an alternative ground supporting the plaintiff's breach of contract and direct recovery claim that is based upon" the language of the commercial auto policy in issue, and not the MCS-90. Id. at *7. At bottom, therefore,

> the defendants [had] established nothing more than the **mere presence of federal issues** in plaintiff Carlson's breach of contract and direct recovery claim, a "fact-bound and situation-specific" claim that should proceed in the state forum from which it was removed out of deference to the state forum.

Id. at *10 (quoting Empire, 547 U.S. at 700). (emphasis added.)

The facts here closely track those in Carlson. The McCloys seek damages stemming from a wrongful death allegedly caused by the negligence of the insured and its purported agent. Like the plaintiff in Carlson, the McCloys have sued on a contract of insurance, the CTO policy, that is decidedly a creature of state, not federal, law. See, e.g., Seabulk Offshore, Ltd. v. American

**ANNA L. MCCLOY, ET AL.  v. LAREW, ET AL.                              1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32]
AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

Home Assur. Co., 377 F.3d 408, 419 (4th Cir. 2004) ("Questions concerning the validity, effect, and interpretation of a contract are resolved according to the law of the state where the contract was made.") Those circumstances contrast starkly with the insurer-plaintiff in Monroe Bus, who sought reimbursement from its insured predicated solely on the rights created by the federally-mandated MCS-90. Cf. Grable, 545 U.S. at 315 (finding subject matter jurisdiction because "[w]hether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim.") (emphasis added). Thus, Carlson supports the conclusion that the MCS-90 attached to B&T Auto Crushers policy does not create a federal question. Monroe Bus, on the other hand, is only marginally relevant and is not dispositive of the question of subject matter jurisdiction presented here.[4]

---

[4]  Because the foregoing analysis is conclusive as to whether the McCloys' complaint presents a necessary federal question, it is conclusive as to this Court's jurisdiction over the matter. Nevertheless, it is worth noting that the MCS-90 also does not present a substantial federal question because state courts are competent to interpret terms of the MCS-90, see Empire Healthchoice, 547 U.S. at 701, and, in fact, have done so. See, e.g., Heron v. Transp. Cas. Ins. Co., 650 S.E.2d 699, 700 (Va. 2007). Although the exercise of subject matter jurisdiction over the McCloys' complaint would not necessarily disturb "any congressionally approved balance of federal and state judicial responsibilities," Grable, 545 U.S. at 315, such a finding will not, in the end, mandate federal jurisdiction.

**ANNA L. MCCLOY, ET AL.   v.   LAREW, ET AL.**                            **1:12CV166**

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT NO. 32]
AND REMANDING ENTIRE CASE TO CIRCUIT COURT OF TAYLOR COUNTY**

**V.**

In sum, the McCloys' complaint does not present a necessary federal question. Therefore, the Court lacks subject matter jurisdiction over the removed complaint. Accordingly, the Court:

1. **GRANTS** the plaintiffs' Motion to Remand to state Court (dkt. no. 32);

2. **DENIES AS MOOT** dkt nos. 6, 12, 16, and 31; and

3. **REMANDS** this case to the Circuit Court of Taylor County, West Virginia.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and to the Circuit Court of Taylor County, West Virginia.

DATED: May 10, 2013.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE